# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| H.D. YORSTON, on Behalf of Himself and All Others Similarly Situated, <br><br><br> Plaintiff, <br><br> v. <br><br> EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD, <br><br> Defendants. | No. 1:05-cv-10166-PBS |
| ROBERT GREENE, Individually and On Behalf of All Others Similarly Situated, <br><br><br> Plaintiff, <br><br> v. <br><br> EPIX PHARMACEUTICALS, INC., formerly known as EPIX Medical, Inc., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD, <br><br> Defendants. | No. 1:05-cv-10194-WGY |

*[Captions Continue on Following Page]*

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING
LEAD PLAINTIFF MOTIONS AND IN SUPPORT OF MOTION OF
THE DISCIPLINED GROWTH INVESTORS GROUP FOR CONSOLIDATION OF
RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| JOHN C. JOHNSON JR., JOHN C. JOHNSON JR. TARGET BENEFIT PENSION, JEFFREY S. JOHNSON and JOHN C. JOHNSON JR. DEFINED BENEFIT PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., formerly known as EPIX Medical, Inc., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>Defendants. | No. 1:05-cv-10272-GAO |
| DORAVILLE MANAGEMENT II CORP. by Donald Ramirez, President on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>Defendants. | 1:05-cv-10288-PBS |

*[Captions Continue on Following Page]*

| | |
|---|---|
| STANLEY A. KIM, On Behalf of Himself and Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>Defendants. | No. 1:05-cv-10315-PBS |
| YALE TOLWIN, on Behalf of Himself and All Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>Defendants. | No. 1:05-cv-10388-PBS |

I.      INTRODUCTION

Before the Court are four competing motions for appointment of lead plaintiff, all filed on March

29, 2005, by: the Disciplined Growth Investors Group ("DGI"), Oklahoma Firefighters Pension

&Retirement System ("Oklahoma Firefighters"), Alaska Electrical Pension Fund ("Alaska Electrical")

and the Tolwin Group.  As set forth herein, DGI has the largest of financial interest in this litigation of

any of the competing movants.  In addition it otherwise satisfies the requirements of Rule 23 of the

Federal Rules of Civil Procedure.  It is therefore the most adequate lead plaintiff under the Private

Securities Litigation Reform Act of 1995.  Accordingly, the Court need not analyze the matter any

further and should appoint DGI as lead plaintiff and approve its selection of counsel.

II.     **THE DISCIPLINED GROWTH INVESTORS GROUP SHOULD BE APPOINTED AS LEAD PLAINTIFFS**

A.      **The PSLRA Directs That A Presumptively Most Adequate Lead Plaintiff Group Be Afforded the Benefit of Such Presumption**

The PSLRA's lead plaintiff selection process was founded upon the realization that "class

members with large amounts at stake will represent the interests of the plaintiff class more effectively

than class members with small amounts at stake." In re Cendant Corp. Litig., 264 F.3d 201, 264 (3d

Cir. 2001).  As explained in article relied on in the PSLRA's legislative history,[1] "[i]nstitutions' large

stakes give them an incentive to monitor, and institutions have or readily could develop the expertise

necessary to assess whether plaintiffs' attorneys are acting as faithful champions for the plaintiff class."

---

[1]Cf. Johnson v. Elk Lake School Dist., 283 F.3d 138, 155 n.10 (3d Cir. 2002).

Elliott J. Weiss & John S. Beckerman, "Let the Money Do the Monitoring: How Institutional Investors

Can Reduce Agency Costs in Securities Class Actions," 104 <u>Yale</u> <u>L.J.</u> 2053, 2095 (1995).

To effectuate the aim of ensuring the individuals with the greatest financial interest direct

securities fraud class actions, the PSLRA created a presumption that the most adequate plaintiff is the

"person or group of persons" who: (1) "has either filed the complaint or made a motion in response to

[notice given];" (2) "has the largest financial interest in the relief sought by the class;" and (3) "otherwise

satisfies the requirements of [Fed. R. Civ. Proc. 23]."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).[2]

Once the Court determines the individual or group with the largest financial interest:

> further inquiry must focus on that plaintiff alone and be limited to
> determining whether he satisfies the other statutory requirements. That
> the district court believes another plaintiff may be 'more typical' or
> 'more adequate' is of no consequence. So long as the plaintiff with the
> largest losses satisfies the typicality and adequacy requirements, he is
> entitled to lead plaintiff status, even if the district court is convinced that
> some other plaintiff would do a better job.

<u>In re Cavanaugh</u>, 306 F.3d 726, 732 (9th Cir.2002); <u>accord</u> <u>In re Cendant Corp. Litig.</u>, 264 F.3d

201, 268 (3d Cir. 2001) ("[O]nce the presumption is triggered, the question *is not* whether another

movant might do a better job of protecting the interests of the class than the presumptive

lead plaintiff.").[3]

---

[2]The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff *** will not fairly and adequately protect the interests of the class *** or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. 78u-4(a)(3)(B)(i) & (a)(3)(B)(iii).

[3]Certain decisions cited by Alaska Electrical contravene the PSLRA's clear mandate that a presumptive lead plaintiff be appointed lead plaintiff unless proven to be inadequate.  Instead, these decisions appear to allow broad judicial discretion in determining the most adequate lead plaintiff. *See, e.g. Malasky v. IAC/Interactive Corp.*, 2004 WL 2980085, at *4 (S.D.N.Y. Dec. 21, 2004)

Applying these principles, DGI, as the adequate movant with the largest financial interest should be appointed as lead plaintiff.

**B.    The Disciplined Investor Group Has a Larger Financial Interest Than All Other Movants**

As demonstrated in the following chart comparing the claimed losses of the various movants, DGI not only has the largest financial interest in this litigation, but in fact has suffered greater losses than all other competing movants combined:

| Movant | Claimed Losses[4] |
|---|---|
| DGI | $1,828,599.68 |
| Oklahoma Firefighters | $758,752.39 |
| Alaska Electrical | $472,556.88 |
| The Tolwin Group | $39,088.01 |

In addition, as set forth in the DGI's opening memoranda it satisfies the remainder of Rule 23's requirements.  Accordingly, its motion should be granted.

---

(appointing as co-lead plaintiff a party that did not have the largest financial interest in the litigation due to "some concern" as to whether prospective lead plaintiff could satisfy Rule 23's adequacy requirement). These decisions should not be followed to the extent they fail to afford a presumptive lead plaintiff the benefit of the statutory presumption described in the PSLRA's plain language and elaborated upon in *Cendant* and *Cavanaugh*.

[4]These figures are based on the claimed losses in loss charts submitted in connection with each respective movant's motions.

## III.    CONCLUSION

For the foregoing reasons, the DGI Group's motion should be granted and it should be

appointed lead plaintiff and its selection of counsel approved.  Each of the competing motions should be

denied.

Respectfully submitted,

Dated: April 11, 2005                    **MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO #184540
33 Broad Street, Suite 1100
Boston, Massachusetts 02109
Telephone:     (617) 369-7979
Facsimile:     (671) 369-7980

*Proposed Liaison Counsel*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:     (310) 201-9150
Facsimile:     (310) 201-9160

*Proposed Lead Counsel*

**BRENNAN MANNA & DIAMOND LLC**
Frank A. Lettieri
75 E. Market Street
Akron, Ohio 44308
Telephone:     (330) 255-1155
Facsimile:     (330) 255-1156

**MURRAY, FRANK & SAILER LLP**
Eric J. Belfi
275 Madison Avenue, 8th Floor
New York, New York 10016
Telephone:      (212) 682-1818
Facsimile:      (212) 682-1892

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Nancy Freeman Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party on April 11, 2005.

/s/ Nancy Freeman Gans
Nancy Freeman Gans

-5-