UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| H.D. YORSTON, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>Defendants. | No. 1:05-cv-10166-PBS |
| ROBERT GREENE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., formerly known as EPIX Medical, Inc., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>Defendants. | No. 1:05-cv-10194-WGY |

*[Captions Continue on Following Page]*

**THE DISCIPLINED GROWTH INVESTORS GROUP REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO BE APPOINTED LEAD PLAINTIFF AND IN OPPOSITION TO THE TOLWIN GROUP'S COMPETING REPLY MEMORANDUM <u>AND ALTERNATE MOTION TO STRIKE</u>**

| | |
|---|---|
| JOHN C. JOHNSON JR., JOHN C. JOHNSON JR. TARGET BENEFIT PENSION, JEFFREY S. JOHNSON and JOHN C. JOHNSON JR. DEFINED BENEFIT PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>EPIX PHARMACEUTICALS, INC., formerly known as EPIX Medical, Inc., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>      Defendants. | No. 1:05-cv-10272-GAO |
| DORAVILLE MANAGEMENT II CORP. by Donald Ramirez, President on Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>      Defendants. | No. 1:05-cv-10288-PBS |

*[Captions Continue on Following Page]*

| | |
|---|---|
| STANLEY A. KIM, On Behalf of Himself and Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>Defendants. | No. 1:05-cv-10315-PBS |
| YALE TOLWIN, on Behalf of Himself and All Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>Defendants. | No. 1:05-cv-10388-PBS |

**I.     PROCEDURAL HISTORY**

Three motions for appointment as lead plaintiff remain pending before the Court, those filed by DGI, Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters"), and the Tolwin Group.[1]

---

[1] While the Alaska Electrical Pension Fund had initially sought appointment as lead plaintiff, it withdrew its motion on April 11, 2005. See Notice of Withdrawal of Motion to Appoint Alaska Electrical Pension Fund as Lead Plaintiff, to Approve Lead Plaintiff's Selection of Counsel and to Consolidate Related Cases.

On April 11, 2005, Oklahoma Firefighters, filed a Notice of Non-Opposition ("Notice"), indicating that as the movant with the largest financial interest in this litigation, DGI is the most adequate plaintiff under the PSLRA. Notice at 2. Oklahoma Firefighters further noted that it only seeks appointment as lead plaintiff to the extent that the Court denies DGI's motion. Id. at 3.

That same day, the Tolwin Group filed the Tolwin Reply. In that memorandum it modified its previously filed motion to be appointed lead plaintiff and now seeks only appointment as a co-lead plaintiff.

## II.    SUMMARY OF ARGUMENT

None of the competing movants dispute two salient points, each set forth in DGI's opening papers: (1) DGI has the largest financial interest in these related actions; and (2) DGI otherwise satisfies Fed.R.Civ.P. Rule23 ("Rule 23")'s requirements. As set forth herein, the concession by all movants of these key points requires that DGI alone be appointed as lead plaintiff.

The Tolwin Group, in the Tolwin Reply, concedes that it cannot be appointed as lead plaintiff under the PSLRA's procedures, and therefore argues for the first time that it should be appointed as a co- lead plaintiff. As set forth below, this argument runs contrary to both the language and intent of the PSLRA as construed by the courts of appeals. Moreover, even if good law, the authorities upon which the Tolwin Group relies in support of appointment as a co-lead plaintiff concern situations dissimilar to the circumstances presented by this litigation. Accordingly, its request should be rejected.

Alternatively, the Tolwin Group's request should also be stricken on the separate and alternate ground that it impermissibly seeking new relief for the first time in a reply memorandum.[2]

---

[2] See, e.g. Lacher v. West, 147 F.Supp.2d 538, 540 (N.D.Tex. 2001)(declining to consider arguments raised for first time in reply); U.S. v. Rempel, No. A00-0069CV(HRH), 2001 WL

III.    ARGUMENT

    A.    **The PSLRA Mandates Appointment of DGI as Lead Plaintiffs**

As set forth in DGI's Memorandum of Points and Authorities in Opposition to Competing Lead Plaintiff Motions and in Support of Motion of the Disciplined Growth Investors Group for Consolidation of Related Actions, for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel at 2-3, filed with the Court April 11, 2005, DGI is the presumptively most adequate plaintiff in these related actions.  No competing movant has attempted to offer proof, much less proven, that DGI is somehow an inadequate lead plaintiff.  See Id. at 2, n.2 (citing 15 U.S.C. 78u-4(a)(3)(B)(i) & (a)(3)(B)(iii)).  Accordingly, it must be appointed lead plaintiff. See In re Cavanaugh, 306 F.3d 726, 732 (9th Cir.2002).

    C.    **The PSLRA Contemplates the Appointment of Only the Presumptive Lead Plaintiff**

As explained in the Third Circuit Court of Appeals' decision in Cendant and in the Ninth Circuit Court of Appeals' decision in Cavanaugh, the lead plaintiff appointment process set forth in the PSLRA is mandatory and does not allow district courts to substitute their own judgement for who might make a suitable lead plaintiff:

> a straightforward application of the [PSLRA's] statutory scheme... provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case... So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements [of Rule 23], he is entitled to lead plaintiff status, even if the district court os convinced that some other plaintiff would do a better job.]

---

1837432, at *1 (D. Alaska Aug. 15, 2001) (same); cf. Brandon A. v. Donahue, No. Civ-00-025-B, 2002 WL 1349529, at *2 n. 2 (D.N.H. June 19, 2002) (rejecting new evidence submitted in reply papers).

Cavanaugh, 306 F.3d at 732; In re Cendant Corp. Litig., 264 F.3d 201, 268 (3d Cir. 2001) ("[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff.").

Ignoring the PSLRA's mandate concerning a lead plaintiff's adequacy, the Tolwin Group obliquely argues that is should be appointed as co-lead plaintiff "to more adequately represent the broad interests of the class." Tolwin Reply at 2. This argument misses the mark for at least three reasons.

First, the Tolwin Group has not and cannot identify any reason that DGI cannot by itself adequately represent the interests of the class. It offers no explanation as to the purported "broad interests" it seeks to represents, and how DGI is purportedly unable to adequately represent them.

Second, the aim of adequate class representation, which the Tolwin Group argues militates in favor of its appointment of lead plaintiff was expressly contemplated by Congress in enacting the PSLRA. However, unlike the Tolwin Group, Congress reached the conclusion that "class members with large amounts at stake" -- not individuals who suffered losses that are a fraction of those suffered by DGI– "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." In re Cendant Corp. Litig., 264 F.3d at 264 (3d Cir. 2001). The Tolwin Group's argument, which conflicts with Congress's basic premise, must thus fail. Moreover, the authorities upon which it relies in support of its contrary argument (e.g. Yousefi v. Lockheed Martin Corp., 70 F.Supp.2d 1061, 1071 (C.D. Cal. 1999), In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 48 (S.D.N.Y. 1998) (cited in Tolwin Reply at 2-3)) have been rejected by more recent decisions as inconsistent with Cendant and Cavanaugh. See Tanne v. Autobytel, Inc., 2005 WL 665252, at *9-*10 (C.D. Cal. Mar. 15, 2005) (describing Yousefi, Oxford Health Plans and other

decisions sanctioning the appointment of unrelated investors as co-lead plaintiffs as "fundamentally at odds with Cavanaugh's interpretation of the PSLRA and its outlining of the process to be used in identifying a lead plaintiff.").[3]

Third, the appointment of multiple groups of lead plaintiffs as urged by the Tolwin Group would "detract from the [PSLRA's] fundamental goal of client control, as it would inevitably delegate more control and responsibility to the lawyers for the class and make the class representatives more reliant on the lawyers." Gluck v. CellStar Corp., 976 F.Supp. 542, 549 (N.D.Tex.1997).[4]  In the absence of a compelling justification for appointing co-lead plaintiffs, DGI submits that it is more than capable of directing this litigation without the assistance of other lead plaintiffs.

Thus, the Tolwin Group's request to be appointed a co-lead plaintiff must be rejected as both unnecessary and as contrary to the PSLRA's lead plaintiff procedures.

### 3. The Authorities Cited By the Tolwin Group Are Inapposite

Even if the authorities upon which the Tolwin Group relies could be harmonized with the PSLRA's lead plaintiff procedures (as explained in the preceding section, they cannot), these authorities have only appointed an unrelated investor or group of investors as co-lead plaintiffs in circumstances which were markedly different than the circumstances presented by this litigation.

For example, in Yousefi (cited in Tolwin Reply at 2), the court appointed an individual investor and institutional investor as co-lead plaintiffs where the individual had suffered greater losses than the

---

[3] All of the authorities cited in the Tolwin Reply pre-date both Cendant and Cavanaugh.

[4] Indeed, the Tolwin Group appears to be nothing more than an artificial creation of the counsel it purports to control. Cf. Miller v. Ventro Corp., 2001 WL 34497752, at *9 (N.D. Cal. Nov. 28, 2001).

institution seeking appointment as lead plaintiff <u>and</u> moved jointly as part of a larger group. <u>Yousefi</u>, 70 F.Supp. at 1070 (noting that James Corbin had alleged losses of $155,765.89 and that the Philadelphia Board of Pensions and Retirement had alleged losses of $130,137.50). By contrast, DGI has alleged losses of $1,828,599.68 while the Tolwin Group has alleged losses of only $39,088.01 or approximately 2% of those of DGI. Further, the two have not moved as a group.

 Similarly, in <u>Oxford Health Plans</u>, the court only appointed co-lead plaintiffs after finding that the Public Employees Retirement Association of Colorado ("ColPERA"), which had the largest financial interest in that litigation could not pursue litigation "for the benefit of class members who are not beneficially interested" in its trusts and noting that such a limitation conflicted with its fiduciary duties as a lead plaintiff. 182 F.R.D. at 47 and n.4.[5] Here, no party has argued, much less shown that DGI is similarly conflicted.

 Thus, the factual differences between these decisions and those presented these related actions render this decisions inapposite.

Respectfully submitted,

Dated: April 20, 2005    **MOULTON & GANS, P.C.**

---

[5]Other decisions cited by the Tolwin Group merely cite to <u>Oxford</u> and follow its holding with little or no explanation. <u>See, e.g. Laborers Local 1298 Pension Fund v. Campbell Soup Co.</u>, No. Civ. A 00-152 (JEI), 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000) (adopting holding of <u>Oxford</u> without explanation)

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO #184540
33 Broad Street, Suite 1100
Boston, Massachusetts 02109
Telephone:    (617) 369-7979
Facsimile:    (671) 369-7980

*Proposed Liaison Counsel*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:    (310) 201-9150
Facsimile:    (310) 201-9160

*Proposed Lead Counsel*

**BRENNAN MANNA & DIAMOND LLC**
Frank A. Lettieri
75 E. Market Street
Akron, Ohio 44308
Telephone:    (330) 255-1155
Facsimile:    (330) 255-1156

**MURRAY, FRANK & SAILER LLP**
Eric J. Belfi
275 Madison Avenue, 8th Floor
New York, New York 10016
Telephone:    (212) 682-1818
Facsimile:    (212) 682-1892

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Nancy Freeman Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party on April 20, 2005.

/s/ Nancy Freeman Gans
Nancy Freeman Gans